IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                              PLAINTIFF

    v.                              CRIMINAL NO. 10-50074-001

ARNULFO VELAZQUEZ-SIERRA                              DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the undersigned is the Defendant's pro se **"Motion to Have this Motion Done" (Doc. 28).** The undersigned, being well and sufficiently advised, finds and recommends as follows:

On February 8, 2011, Defendant was sentenced to 12 months imprisonment and one year of supervised release for the offense of illegal reentry of a previously deported alien. In an order dated September 30, 2013, the Court denied a motion filed by Defendant seeking, inter alia, credit for the 179 days he spent in custody prior to sentencing. The Court denied the motion on the basis that the Defendant had not exhausted his administrative remedies with the Bureau of Prisons ("BOP").

In the motion currently before the Court, Defendant asserts that he has now exhausted his remedies with the BOP and he is now seeking the Court's "help to have this Jail time credit fixed." (Doc. 28 at pg. 1.) This Court is without jurisdiction to grant Defendant the relief he seeks. Assuming the Defendant has properly exhausted his administrative remedies with the BOP, the avenue for seeking judicial review of pretrial credit towards his sentence is by filing a 28 U.S.C. § 2241 petition in either the district where he is confined (the Northern District of Texas), in the United States District Court for the District of Columbia, or in any district in

which the BOP maintains a regional office.  See United States v. Chappel, 208 F.3d 1069, 1070 (8th Cir. 2000).  Accordingly, the undersigned recommends denying Defendant's Motion (Doc. 28) without prejudice to Defendant to filing a § 2241 petition in the proper district.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Entered this 2nd day of June, 2014.

/s/ *Erin L. Setser*

HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)